## Joseph Gerhard, Plff. in Err., *v*. Amos Gerhard et al.

Declarations of a debtor, to the effect that he desired to sell certain property in order to repay advances upon it,—*Held*, not to constitute a sufficient recognition of the debt to take the case out of the statute of limitations.

(Decided May 17, 1886.)

Error to the Common Pleas of Lebanon County to review a judgment for defendants in an action of debt *sur assumpsit*. Affirmed.

This action was brought by Joseph Gerhard against Amos Gerhard and Peter Gundrum, executors of John Gerhard, to recover money advanced by plaintiff to decedent and used in the purchase of certain hotel property.

The property was subsequently sold to William Wolfe.

The money was alleged to have been loaned in 1870. At the trial the executors pleaded the statute of limitations.

The court charged as follows:

The plaintiff claims upon a debt, which he says was contracted in 1870; that at that time he advanced to his father about $2,000, for the purpose of making the purchase of this hotel property in Progress, and that is the debt upon which he now claims to recover. This suit, however, was not brought until 1879; and, of course, the statute of limitations would prevent him from recovering, if it were not that he says that within six years of bringing the suit, namely, in 1876, I think, or

NOTE.—See note to Mayfarth's Appeal, 1 Sad. Rep. 14.

1874 or 1875, his father distinctly acknowledged his indebtedness. That he claims to be a waiver, upon the part of his father, of the statute of limitations, and that therefore he can recover in this case.

[It is made our duty, in the first place, when evidence of that kind is given, to say whether in our judgment it is sufficient to go to a jury upon that subject; and we think, under the rules of law as laid down by our supreme court, that this evidence does not come up to the legal requirements on that subject; that it is not a distinct and unambiguous and positive recognition of any existing debt; it seems to us to be as much a recognition of the interest of the plaintiff in this property as a debt owing by the father to the son.] . . . The acknowledgment must be made to the party himself, or to his duly authorized agent. Therefore, in looking at this case for the purpose indicated, to determine whether there was enough evidence to submit to you, I have confined myself to what Mr. Wolfe testified to have taken place in the presence of Joseph, and what George Henry testifies to have taken place in Joseph's presence; and the evidence, as I understand it, is substantially this—that Mr. Wolfe testifies that John said he wanted to sell the property; that Joseph had something like $2,000 in it, and that he wanted to sell it to pay him out of it; the testimony was somewhat more extended, but that is the substance of it; and George Henry testified that in 1874 John and Joseph came together to his house; that John asked him if he had found a purchaser, and said that Joe needed the money, and Joe answered, "Yes, I do need it."

[Now, as I understand the evidence, that is substantially what was relied upon to remove the bar of the statute of limitations, and in our judgment we say it is not sufficient; and we therefore instruct you to find a verdict in this case for the defendants.] I may say also, further, since my attention has just been called to it, that it is also said that Mr. Wolfe made a payment of $40 or $50 after the purchase of the property, on account of that purchase, to Joseph, by John's direction, and that is said to be a payment on account; that it was substantially a payment on account of this indebtedness by John, and therefore, within the rules of law, was recognition of this indebtedness. We do not so understand that either, we may say to you. That is entirely consistent with the supposition that Joseph had an interest in this property, arising from furnishing part of the

purchase money. And when the statute has, as in this case, overrun for several years, it is not to be removed unless the evidence comes up to the full and complete requirements of the law. This statute of repose is to prevent just such claims being brought when the people who knew all about it have passed away, and evidence otherwise accessible is gone. [Your verdict will be for the defendants.]        --

Plaintiff brought this writ, assigning for error the action of the court as indicated by above brackets.

*Grant Weidman* and *Capp & Schock,* for plaintiff in error.— In 7 Wait, Act. & Def. p. 288, the following principles are found: In general, any language of the debtor to the creditor admitting the debt to be due and unpaid, and showing an intention to pay it, will be considered an implied promise to pay and will take the case out of the statute. Wooters v. King, 54 Ill. 343.

A jury will be authorized and bound to infer such promise from a clear, unconditional and unqualified admission of the existence of the debt, at the time of such admission, if unaccompanied with any refusal to pay, or declarations indicative of any intention to insist on the statute of limitations as a bar. Sigourney v. Drury, 14 Pick. 390. See Black v. Reybold, 3 Harr. (Del.) 528; Lee v. Polk, 4 M'Cord, L. 215; Knight v. House, 29 Md. 194, 96 Am. Dec. 515; Bulloch v. Smith, 15 Ga. 395.

An acknowledgment of a debt within six years takes the case out of the statute of limitations. See Gilkyson v. Larue, 6 Watts & S. 213; Hazlebacker v. Reeves, 9 Pa. 258.

The amount of the debt need not be specifically stated, but may be left in uncertainty. Hazlebaker v. Reeves, 12 Pa. 264.

All that is necessary is that there should be no uncertainty as to the debt referred to. Davis v. Steiner, 14 Pa. 275, 53 Am. Dec. 547.

A clear, distinct and unequivocal acknowledgment of a debt is sufficient. It must be an admission consistent with a promise to pay. If so, the law will imply the promise without its

having been actually made. Palmer v. Gillespie, 95 Pa. 340, 40 Am. Rep. 657; Johns v. Lantz, 63 Pa. 326.

If the acknowledgment is broad and particular enough in its terms to include a particular debt, the amount actually due may be proved by extrinsic circumstances. Barnard v. Bartholomew, 22 Pick. 291; 2 Jones, 264; 6 Phila. 161.

*Josiah Funck & Son,* for defendants in error.—The acknowledgment (or promise to pay) must not only be clear, distinct, and unequivocal of the existence of a debt, but it must also be plainly referable to the very debt upon which the action is based. It matters not where the uncertainty lies; whether in the acknowledgment or in the identification, its existence is equally fatal to the plaintiff's recovery. Burr v. Burr, 26 Pa. 284; Landis v. Roth, 42 Phila. Leg. Int. 489.

PER CURIAM:

The learned judge was correct in giving binding instructions to the jury to find for the defendants. There was not evidence of such a distinct, positive, and unambiguous recognition of a debt as to remove the bar of the statute of limitations.

Judgment affirmed.